T.C. Memo. 2004-217

UNITED STATES TAX COURT

MARGIE E. ROBERTSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5221-03.                    Filed September 27, 2004.

Margie E. Robertson, pro se.

Beth A. Nunnink, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issues for decision are whether petitioner is liable for deficiencies relating to 1999 and 2000.

FINDINGS OF FACT

On September 3, 1997, petitioner lent Mary Moore (Ms. Moore) $25,000.  The parties executed a deed of trust and note (the note) secured by a home in Carbondale, Illinois (the property).

Principal and accrued interest were payable upon the transfer of the property or death of Ms. Moore, whichever came first. In 1998, Ms. Moore died. Petitioner, on her 1999 Federal income tax return, reported a $25,000 loss.

From 1992 to 2000, petitioner was employed by the City of Seattle (the City) as a license and standards inspector. During this period she had a digestive disorder. Although petitioner could not eat during work hours, her digestive disorder imposed no other physical limitations on her ability to work. In 1999, petitioner requested to have her schedule modified from a 10 1/2-hour workday (i.e., with a 1/2-hour lunch break) to a 10-hour workday without a lunch break. The City denied petitioner's request. In response, on August 1, 2000, petitioner resigned. After petitioner resigned, the City granted her request, but she did not accept their accommodation.

In 2000, petitioner received a $46,996 Individual Retirement Account (IRA) distribution. Petitioner reported the distribution on her 2000 Federal income tax return and paid income tax relating to the gross amount but did not pay the 10-percent additional tax pursuant to section 72(t)(1).

By notice of deficiency dated December 31, 2002, respondent determined deficiencies of $4,382 and $4,700 relating to 1999 and 2000, respectively. On April 4, 2003, petitioner, while residing in Memphis, Tennessee, filed her petition with this Court.

OPINION

At the outset, we note that petitioner failed to cooperate with respondent and as a result, has the burden of proof. Sec. 7491(a)(2)(B); Rule 142(a).[1] Petitioner contends that she is entitled to a section 166 bad debt deduction relating to the note. She also contends that in 1998, the first lien holder attempted to foreclose on the property, and that she attempted to collect on the note in that year. The note is a bona fide debt and became due in 1998 when Ms. Moore died. Petitioner, however, claimed a deduction for the unpaid debt on her 1999 tax return. Even though the note was due in 1998, petitioner failed to establish when the debt became worthless. Aston v. Commissioner, 109 T.C. 400 (1997); sec. 1.166-5(a)(2), Income Tax Regs. Accordingly, she is not entitled to a deduction.

Petitioner contends that the 10-percent additional tax, pursuant to section 72(t)(1), is inapplicable, because she qualifies for the disability exception pursuant to section 72(t)(2). She, however, failed to establish that she was "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment". Sec. 72(m)(7). Although petitioner had a digestive disorder and was

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

required to refrain from eating during work hours, she was able to engage in "substantial gainful activity".  Sec. 72(m)(7); Dwyer v. Commissioner, 106 T.C. 337, 341 (1996).

Accordingly, we sustain respondent's determinations. Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for respondent.